UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

**KIRSTEN PATTERSON, Executrix of the Estate of MARY CAE HENDERSON,**

**Plaintiff,**

v.

CIVIL ACTION NO. 2:19-cv-00195

**THOMAS J. CARPENTER, D.O.,**

**Defendant.**

# COMPLAINT

Comes now the Plaintiff, Kirsten Patterson, Executrix of the Estate of Mary Cae Henderson against Thomas J. Carpenter, D.O., and for her cause of action states:

### PREFACE TO COMPLAINT

Pursuant to the provisions of the *West Virginia Medical Professional Liability Act*, W. Va. Code §55-7B-1 *et seq.*, plaintiff has served, by certified mail, a Notice of Claim against each health care provider named in this Complaint. Accompanying that Notice of Claim were one or more Screening Certificates of Merit as are required under the *West Virginia Medical Professional Liability Act.* No individual, corporation, company or limited partnership upon whom a Notice of Claim and Screening Certificate of Merit were served have requested or demanded pre-suit mediation. More than thirty (30) days have elapsed since service of the Notices of Claim and Screening Certificates of Merit.

## JURISDICTION AND VENUE

1.  Jurisdiction and venue are proper in this court pursuant to 28 U.S.C. 1332 and 28 U.S.C. 1391.

## THE PARTIES

2.  Kirsten Patterson is, and was at all times relevant herein, a resident of Parker, Colorado, and is the duly appointed Executrix of the Estate of Mary Cae Henderson, a copy of which appointment is attached hereto as "Exhibit A."

3.  The defendant, Thomas J. Carpenter, D.O., (hereinafter referred to as "Dr. Carpenter"), is a doctor of osteopathic medicine licensed to practice Medicine in the State of West Virginia and in the State of Florida, in the specialty of Family Practice, with his place of residence in Largo, Florida, who was practicing in and about South Charleston, Kanawha County, West Virginia, specifically caring for Mary Cae Henderson as a paying patient for a fee on or before December 3, 2018, and continuing thereafter.

## GENERAL ALLEGATIONS

4.  On or before December 2, 3018, the plaintiff's decedent, Mary Cae Henderson, presented to the emergency department of Thomas Memorial Hospital, under the care of the emergency room doctor, the defendant, Dr. Carpenter, with complaints of hypoglycemia and weakness.

5.  Ms. Henderson was 5' 7" tall and weighed approximately 80 lbs. Her BMI was 15.5. Her heart rate was 58 beats per minute and was irregular. She was complaining of weakness, had an unsteady gait, nausea, chills and loss of appetite.

6. Her lowest recorded glucose was 38.

7. She was diagnosed with hypoglycemia, anemia, malnutrition and a UTI.

8. She was discharged to home on 12/03/18 at 2:40, with instructions to monitor her blood sugar and return to the hospital if she had any more problems, including unconsciousness.

9. Mary Cae Henderson lived alone.

10. On 12/04/18, a family member found her down and unresponsive. CPR was started and an ambulance was called.

11. EMS confirmed she was in cardiopulmonary arrest.

12. At 15:19, EMS began ALS and transported her to Thomas Memorial Hospital.

13. On 12/04/18, at 15:52, Ms. Henderson was pronounced dead.

14. The death certificate lists her cause of death as cardiac arrest, severe malnutrition and UTI.

## COUNT I

15. The Plaintiff avers and realleges as if set forth fully herein, each and every allegation contained in paragraphs 1 through 14.

16. The defendant herein, acted negligently, carelessly, willfully, and wantonly, and/or with a reckless disregard of risk of harm and in deviation from the applicable standards of medical care in the care and treatment rendered to Mary Cae Henderson, such negligence, carelessness, willfulness, recklessness and/or wantonness and deviation from the applicable standards of medical care being a proximate cause of the death of Mary Cae Henderson on December 4, 2018.

17. Said negligence, carelessness, willfulness, wantonness, recklessness and deviation from the applicable standards of medical care includes, but is not limited to:

   a. negligently failed to admit Ms. Henderson to the hospital on or about December 3, 2018 for treatment and evaluation of hypoglycemia, anemia, malnutrition, hyponatremia, and other medical conditions resulting in her death on December 4, 2018;

   b. if Ms. Henderson had been properly admitted to the hospital and received treatment, her death could have been prevented; and

   c. were otherwise negligent.

18. Such listed failures, and others, were the cause of the death of Mary Cae Henderson on December 4, 2018.

## GENERAL DAMAGES

19. Plaintiff avers and realleges as if fully set forth herein, each and every allegation contained in paragraphs 1 through 18.

20. As a direct and proximate result of the negligence, carelessness, willfulness, recklessness and/or wantonness and deviation from the applicable standards of medical care of the Defendant, Plaintiff's decedent was forced to endure mental anguish, pain and suffering, loss of enjoyment of life, as aforesaid, and subsequently died, on December 4, 2018.

21. As a further direct and proximate result of the negligence, carelessness, willfulness, recklessness and/or wantonness and deviation from the applicable standards of medical care of the Defendant, as aforesaid, the Administratrix of the Estate of Mary Cae

Henderson has become obligated to pay diverse and sundry expenses for medical care and attention in an amount which at this time cannot be fully ascertained.

22. As a further direct and proximate result of the negligence, carelessness, willfulness, recklessness, and/or wantonness and deviation from the applicable standards of medical care of the defendant, as aforesaid, the Plaintiff's decedent left surviving one or more distributees; that said death has resulted in the Plaintiff, Kirsten Patterson, Executrix of the Estate of Mary Cae Henderson, and the family, distributees, and beneficiaries great mental pain and anguish, loss of services, society, guidance and companionship of the deceased, and has resulted in financial and pecuniary losses to all of the aforesaid.

23. As a further direct and proximate result of the negligence, carelessness, willfulness, recklessness, and/or wantonness and deviation from the applicable standards of medical care of the defendants, as aforesaid, which resulted in the death of Plaintiff's decedent, the estate of the deceased has incurred diverse and sundry expenses for funeral and burial costs.

## **PUNITIVE DAMAGES**

24. Plaintiff avers and realleges as if fully set forth herein, each and every allegation contained in paragraphs 1 through 23.

25. In addition to being negligent, the actions of the defendant, as set forth above, were also willful, wanton and with a reckless disregard to harm. Plaintiff therefore seeks punitive damages against the Defendant.

## PRAYER

**WHEREFORE**, the Estate of Mary Cae Henderson, by and through its personal representative, Kirsten Patterson, does hereby demand judgment of and from the Defendant in this matter, for compensatory damages for economic and non-economic losses, as allowable under the Medical Professional Liability Act, for punitive damages, plus an award of prejudgment and post-judgment costs, allowable fees, and such other relief as she may be entitled to receive.

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

                                        **KIRSTEN PATTERSON, Executrix of the Estate of MARY CAE HENDERSON**
By Counsel

/s Richard D. Lindsay, M.D., J.D
Richard D. Lindsay, M.D., J.D.
WV Bar No. 2216
Richard D. Lindsay, Esquire
WV Bar No. 10832
Tabor Lindsay & Associates
Post Office Box 1269
Charleston, WV 25325
304/344-5155
304/344-5188 Facsimile

# EXHIBIT A

United States of America

State of West Virginia  County of Kanawha, ss:

# Letter of Administration

Estate of MARY CAE HENDERSON

I, Andrew T. Gunnoe, Kanawha County Fiduciary Supervisor, in the State of West Virginia, do hereby certify that KIRSTEN PATTERSON was on the 2nd day of January, 2019, appointed by the Fiduciary Supervisor of the Kanawha County Commission as executrix(s) of the Estate of MARY CAE HENDERSON, duly qualified as such by taking oath prescribed by law, and by giving approved bond in the sum of $0.00, as required by law.

NOW THEREFORE, be it known that said appointment is now in full force and effect and that full faith and credit are due and should be given to all the acts of the said KIRSTEN PATTERSON as such executrix(s) of the Estate of MARY CAE HENDERSON, as well in all jurisdictions, as elsewhere.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the Kanawha County Commission at my office in said County on the 2nd day of January, 2019.

_____
Andrew T. Gunnoe
Kanawha County Fiduciary Supervisor

By _____
Mindy Lilly
Deputy Fiduciary Supervisor

erofAdministration