# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

KIRSTEN PATTERSON,
Executrix of the Estate of
Mary Cae Henderson,

        Plaintiff,

v.                                                         CIVIL ACTION NO. 2:19-cv-00195

THOMAS J. CARPENTER,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Transfer Venue. (ECF No. 14.) For the reasons discussed more fully below, the Court **DENIES** the motion. (ECF No. 14.)

### I. BACKGROUND

Plaintiff brings this action on behalf of her deceased mother, Mary Cae Henderson, alleging that her mother died as a result of Defendant's negligence in treating her while she was at Thomas Memorial Hospital in Charleston, West Virginia. (*See* ECF No. 1-1 (Compl.).) Plaintiff is a resident of Parker, Colorado, and Defendant is a resident of Largo, Florida. (*See id.* at 2, ¶¶ 2–3.)

Plaintiff filed this action in this District on March 19, 2019, alleging a single count against Defendant for medical malpractice. (*See id.* at 3–4.) On June 3, 2019, Defendant filed the present motion to transfer this case to the United States District Court for the Middle District of

Florida. (ECF No. 14.) Plaintiff timely responded to the motion, (ECF No. 16), and Defendant timely replied, (ECF No. 20.) As such, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Such a transfer, however, is dependent upon the "weighing . . . [of] a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The Fourth Circuit has established four factors that a district court should consider in deciding motions to transfer under § 1404(a): "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).

Additionally, prior to the Fourth Circuit's decision in *Trustees*, this Court has considered a slightly more detailed list of factors such as the following: "(1) ease of access to sources of proof; (2) the convenience of compulsory process; . . . (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice." *AFA Enters., Inc. v. Am. States Ins. Co.*, 842 F. Supp. 902, 909 (S.D. W. Va. 1994); *see also Heuvel v. Navy Fed. Credit Union*, No. 3:16-cv-1839, 2016 WL 7155769, at *2 n.3 (S.D. W. Va. Dec. 7, 2016).

"It is well settled that the decision whether to transfer a matter to another district is committed to the sound discretion of the district court." *AFA Enters., Inc. v*, 842 F. Supp. at 908 (citations omitted). "The party seeking transfer carries the burden of showing that the current

venue is inconvenient." *See Leonard v. Mylan, Inc.*, 718 F. Supp. 2d 741, 745 (S.D. W. Va. 2010) (citing *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113–14 (2d Cir. 2010)).

## III. DISCUSSION

As a preliminary matter, although the Parties do not dispute it, the Court notes that this action could have been brought in the Middle District of Florida as that is where Defendant resides. *See* 21 U.S.C. § 1391(b)(1) ("A civil action may be brought in (1) a judicial district in which any defendant resides . . . .").

Turning to the above factors, first, although Plaintiff is not from this District, her choice of forum still weighs against transfer. It is undisputed that all of the events that gave rise to this action took place in this District. Further, Plaintiff brings this action on behalf of the estate of her late mother who resided in this District. Accordingly, Plaintiff's choice of forum is not completely irrelevant such that it does not deserve the great deference generally afforded a plaintiff's forum choice. *See Teva Pharm USA, Inc. v. Mylan Pharm., Inc.*, No. 1:17-cv-7, 2017 WL 958324, at *6 (N.D. W. Va. Mar. 10, 2017) (finding that an out of state plaintiff's forum choice was still entitled to great weight where the plaintiff sued in the forum where the "nucleus of operative facts" took place). *Cf. Shrewsbury v. Am. Red Cross Mid. Atl. Region*, No. 2:18-cv-00531, 2018 WL 2392546, at *3 (S.D. W. Va. May 25, 2018) (giving little weight to plaintiff's forum choice where plaintiff did not reside and none of the underlying events occurred in the chosen forum).

Second, as to convenience of witnesses, Defendant asserts that the only identified witnesses in this action reside outside of the District, and thus transferring venue to the Middle District of Florida would not cause any additional inconvenience. (*See* ECF No. 14 at 3–4.) However,

Defendant has not met his burden of showing that this venue is inconvenient for the witnesses. *See Samsung Elec. Co, Ltd., v. Rambus, Inc.*, 386 F. Supp. 2d 708, 718 (E.D. Va. 2008) ("[t]he party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience."). This District is closer for Plaintiff's expert witness, who resides in Maryland, than the Middle District of Florida. Further, the Court would be remiss to ignore that potential witnesses such as supervisors, co-workers, and other physicians who worked with Defendant at the hospital where Plaintiff's mother was treated likely still remain in this District.[1] *See, e.g., Holley v. CSX Transp., Inc.*, No. 3:08-cv-0065, 2008 WL 4091037, at *1 (S.D. W. Va. Aug. 28, 2008) (finding that the convenience of unidentified, potential liability witnesses weighed against transfer). Defendant states that he will minimize the need of these witnesses to appear in person; however, should their attendance be necessary, there will be a burden for these witnesses to travel outside of this District. Thus, this factor weighs against transfer.

Additionally, as to ease of access to sources of proof, Defendant concedes that a substantial part, if not all, of the relevant evidence in this matter is located in this District. (*See* ECF No. 14 at 3–4.) Defendant attempts to circumvent this fact by asserting that this information can be transmitted electronically. However, even if true, this simply makes neither venue more convenient than the other. Further, if any source of proof is unable to be transmitted

---

[1] The Court notes that in his memorandum in support of his motion, Defendant concedes that these witnesses likely still reside in this District. (*See* ECF No. 14 at 3.) It is only in his reply that he suggests that they may not. (*See* ECF No. 20 at 2.)

electronically, this District would be far more convenient for accessing this proof than the Middle District of Florida. Thus, this factor weighs against transfer.

Third, as to the convenience of the Parties, Plaintiff obviously does not believe that this District is inconvenient as she filed her action here. However, Defendant has failed to demonstrate that he will be unduly burdened by having to appear in this District such that this factor weighs in favor of transfer. Plaintiff states that she will minimize Defendant's travel by conducting Defendant's deposition via video. Further, transfer to the Middle District of Florida would only convenience Defendant.[2] Plaintiff will have the same travel burden whether the case remains here or is transferred to the Middle District of Florida. Thus, at best, this factor is neutral. *See, e.g.*, *Heuvel*, 2016 WL 7155769, at *3.

Lastly, the Court assesses "the interests of justice" "by considering docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." *Heuvel*, 2016 WL 7155769, at *4. Defendant argues that the docket congestion of this District compared to the docket congestion of the Middle District of Florida weighs strongly in favor of transfer. (*See* ECF No. 14 at 4.) The Court disagrees. Both Parties have correctly deduced that the high amount of pending cases in this District is due to the large number of multi-district litigation cases ("MDL"). The MDLs are handled differently, assigned predominantly to one judge, are moving toward resolution, and, have no bearing on the Court's capacity to handle non-MDL cases.

---

[2] The Court further notes that counsel for both Parties reside in West Virginia and, thus, it will likely increase legal expenses should they have to travel to the Middle District of Florida.

Further, West Virginia has a strong interest in this case being decided locally. This action involves a malpractice claim brought under West Virginia law regarding the care provided to a West Virginia resident in a West Virginia hospital by a doctor who, at the time, resided in West Virginia. Florida's interest—Defendant being a Florida resident—pales in comparison and only arose after Defendant moved there following the events that gave rise to this action. *See, e.g.*, *Holley*, 2008 WL 4091037, at *1 ("This was an accident suffered by a plaintiff who then lived near Detroit, worked near Detroit, was injured near Detroit, and sought treatment near Detroit. In contrast, West Virginia gained an interest only when the plaintiff decided to move here three months after his injury."). Thus, this factor strongly weighs against transfer.

Having weighed the above factors, the Court finds that Defendant has not satisfied his burden of showing that transfer of this matter to the Middle District of Florida is proper. Accordingly, Defendant's motion to transfer is **DENIED**.

## IV. CONCLUSION

For the reasons discussed herein, the Court **DENIES** Defendant's Motion to Transfer Venue to the United States District Court for the Middle District of Florida. (ECF No. 14.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 27, 2019

_____
THOMAS E. JOHNSTON, CHIEF JUDGE